UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL NO. 9 )
PAINTING INDUSTRY INSURANCE FUND and ) Index No.: 21-CIV-8862
TRUSTEES OF THE DISTRICT COUNCIL NO. 9 )
PAINTING INDUSTRY ANNUITY FUND and )
TRUSTEES OF THE DISTRICT COUNCIL NO. 9 )
FINISHING TRADES INSTITUTE and TRUSTEES )
OF THE INTERNATIONAL UNION OF PAINTERS )
AND ALLIED TRADES NATIONAL PENSION FUND )
and THE DISTRICT COUNCIL NO. 9 INTERNATIONAL) COMPLAINT
UNION OF PAINTERS AND ALLIED TRADES, )
                                                                                   )
                                        Plaintiffs,        )
                                                                                   )
        -against-                                           )
                                                                                   )
NATIONAL ENVIRONMENTAL SAFETY COMPANY )
INC.,                                                                       )
                                                                                   )
                                        Defendant.        )

---

Plaintiffs, Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund and Trustees of the District Council No. 9 Finishing Trades Institute and Trustees of the International Union of Painters and Allied Trades National Pension Fund (hereinafter referred to as the "Funds") (collectively referred to as "Plaintiffs") and District Council No. 9 International Union of Painters and Allied Trades, (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

**JURISDICTION AND VENUE**

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of E RISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the D.C.9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and various employers pursuant to the terms of the Trade Agreements in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf an employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the employer and the Union. The Funds are

authorized to collect contributions on behalf of the employees from the employers, and the Plaintiffs' Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Trade Agreement that concern the protection of employee benefit rights.

7. The Funds are also the collecting agent for the Labor-Management Cooperation Initiative and National Finishing Trades Institute, Political Action Together – Political Committee, and the Industry Promotion Funds.

8. The Funds' maintain an office for the transaction of business at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester.

9. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

10. The Union brings this action for dues check-offs and other contributions owed pursuant to the Trade Agreement.

11. The Union maintains an office and is administered at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester

12. Upon information and belief, the Defendant, National Environmental Safety Company Inc. (hereinafter referred to as "the Employer or the "Defendant") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

13. Upon information and belief, the Defendant was and is a for-profit domestic corporation with its principal place of business at 900 3rd Avenue, New Hyde Park, NY 11040, in the County of Nassau.

### CAUSES FOR RELIEF
### AS AND FOR A FIRST CLAIM FOR RELIEF

14. The Defendant executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

15. The Agreement and Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement.

16. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement, there became due and owing to the Funds and Union from the Employer contribution reports and fringe benefit contributions.

17. The Defendant has failed and refused to remit to the Funds and Union those reports and fringe benefit contributions due and owing under the Agreement and in accordance with the Policy for the period April 1, 2017 through to and including September 30, 2020 in the minimum amount of $6,998.34.

18. These amounts described in Paragraph 17 above are due and owing to the Funds and Union and is based upon an audit that was conducted by Funds' Office.

19. The Defendant's failure, refusal or neglect to remit the proper contributions and reports to the Plaintiffs constitutes a violation of the Agreement between the Defendant and the Union wherein the Funds are third-party beneficiaries.

20. Pursuant to the Agreement and the Policy, upon the Defendant's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 2% above prime per annum and liquidated damages at the rate of 20% of the delinquent contributions. In addition, if

enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including auditors' fees, attorney's fees, and court costs.

21. Accordingly, pursuant to the Agreement, the Defendant is liable to Plaintiffs the minimum amount of $6,998.34 in unpaid contributions, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "21" of this Complaint as if fully set forth at length herein.

23. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement.

24. The Defendant has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer.  Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

25. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff fund the unpaid fringe benefit contributions, plus liquidated damages and interest on the unpaid principal amount due, together with attorneys' fees, auditors' fees, and costs and disbursements incurred in the action.

26. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

27. Accordingly, the Defendant is liable to Plaintiffs under the Agreement and Policy concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

28. Accordingly, the Defendant is liable to the Funds and Union in the minimum principal amount of $6,998.34, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

29. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "28" of this Complaint as if set forth at length herein.

30. Pursuant to ERISA, the Agreement and Policy, the Defendant is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

31. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, National Environmental Safety Company Inc., as follows:

On the First and Second Claims for Relief:

(a) In the minimum sum of $6,998.34 representing benefit fund contributions for the period April 1, 2017 through to and including September 30, 2020 plus interest, liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements all in accordance with the Trade Agreement and the Policy for Collection of Delinquent Contributions.

On the Third Claim for Relief:

(b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

    (c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
        October 29, 2021

                                      Respectfully submitted,

                                      BARNES, IACCARINO &
                                      SHEPHERD LLP

                                      */s/ Dana L. Henke*
                                      Dana L. Henke, Esq.
                                      Attorneys for Plaintiffs
                                      258 Saw Mill River Road
                                      Elmsford, New York 10523
                                      (914) 592-1515